IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 08-cv-01220-CMA-MEH

GABRIEL A. MARTINEZ,

Petitioner,

v.

ROBERT KURTZ, Warden of C.D.O.C., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.
_____

**ORDER AFFIRMING AND ADOPTING OCTOBER 26, 2009 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge Michael Hegarty (Doc. # 24), filed on October 26, 2009, recommending the denial of Petitioner Gabriel Martinez's Application for a Writ of Habeas Corpus ("Habeas Application") pursuant to 28 U.S.C. § 2254 (Doc. # 2). On November 13, 2009, Petitioner filed Objections to the Recommendation. (Doc. # 25.) For the reasons discussed below, the Court adopts Magistrate Judge Hegarty's Recommendation.

## I.  BACKGROUND

Petitioner, Gabriel Martinez, is a prisoner in the custody of the Colorado Territorial Correctional Facility in Cañon City, Colorado. Petitioner initiated this action on June 9, 2008, by filing a *pro se* application for a writ of habeas corpus pursuant to

28 U.S.C. § 2254. He is challenging the validity of his conviction and sentence for the Fremont County District Court case number 02CR260. Petitioner was convicted of possession and manufacture of methamphetamine and possession of sexually exploitive materials of children.

Petitioner alleges that on June 14, 2002, a search warrant was executed at his parents' home, against his father, Ernest Martinez, for the alleged sexual assault of a child, possession of illegal substances, and possession of child pornography. There was no mention of Petitioner in the warrant. Upon entry into the residence, however, Petitioner's mother informed the police that the back bedroom belonged to the Petitioner and that he paid rent. The door was unlocked and open, and police proceeded to search the room. In Petitioner's bedroom, police found and seized an unloaded handgun,[1] a small amount of marijuana, a film canister and piece of tin foil – both containing methamphetamine, and a number of adult pornographic tapes. In the remainder of the house, police found and seized certain materials necessary for the manufacture of methamphetamine and a computer containing child pornography.

On July 8, 2002, Petitioner was arrested and charges against him consisted of: one count of possession of a controlled substance (methamphetamine) as a special

---

[1] There was a padlock on the trigger of the gun; the key to which was located on Petitioner's keychain. It was unclear if the lock would have prevented the gun from firing.

offender;² one count of manufacture of a controlled substance (methamphetamine); and two counts of sexual exploitation of children.³

At trial, Petitioner argued that he had a constitutionally protected expectation of privacy which was violated when police entered his room. Petitioner requested that the trial court suppress evidence found in his bedroom because he was not the subject of the search warrant and rented a separate room within the residence. The trial court denied Petitioner's motion to suppress, finding that the search did not violate his constitutional reasonable expectation of privacy because there was no reason for police to expect that the home contained a separate dwelling and because exigent circumstances existed to proceed with the search.

In July 2004, Petitioner was convicted of: (1) unlawful possession of a schedule II controlled substance, (2) unlawful manufacture of a schedule II controlled substance, and (3) possession of sexually exploitive materials. Petitioner was convicted under a special offender statute,⁴ which enhanced his sentence for possession of a schedule II controlled substance. Petitioner was sentenced to eight years of incarceration for the

---

²   Petitioner was charged and convicted as a special offender because of the firearm police found in his room, pursuant to section 18-18-407 of the Colorado Revised Statutes.

³   Petitioner was charged with both possession of sexually exploitive materials of children and possession with the intent to distribute these materials. (Doc. # 24 at 3.) However, Petitioner was found not guilty of possession with the intent to distribute sexually exploitive materials of children. (*Id.*)

⁴   COLO. REV. STAT. § 18-18-407(1)(f) (2006).

3

first two convictions, and eighteen months of incarceration to run consecutively for the third conviction.

Petitioner appealed his convictions. The Colorado Court of Appeals affirmed the judgment and sentence, finding that the search was reasonable because (1) Petitioner's father had access to the bedroom, thus, evidence could be reasonably found there; (2) that Petitioner possessed a deadly weapon available for use while in possession of a controlled substance; (3) and that sufficient evidence existed to find that Petitioner unlawfully manufactured methamphetamine and possessed sexually exploitive material of children. (Doc. # 2, Ex. E.) On August 13, 2007, the Colorado Supreme Court denied Petitioner's petition for writ of certiorari. (Doc. # 2 at 28.) Petitioner then filed a motion for post-conviction relief under Colo. R. Crim. P. 35(b), asking for a reduction of his sentence, which was granted, allowing his eighteen-month sentence to run concurrently with his eight-year sentence. (Doc. # 2 at 30.)

On June 9, 2008, Petitioner filed his Habeas Application in this Court asserting the following claims[5]: (1) violation of his Fourth Amendment rights when the trial court admitted evidence seized from Petitioner's bedroom during a "warrantless search"; (2) violation of his First and Fourteenth Amendment[6] rights because the special offender statute under which he was convicted was vague and overbroad as applied

---

[5] In this Court, Petitioner reasserts the same claims that he brought before the Colorado Court of Appeals. (See Doc. # 2, Ex. E.)

[6] Petitioner also asserts a Fifth Amendment due process claim, however, as a claimant against a state entity, Petitioner's due process rights arise under the Fourteenth Amendment.

to Petitioner; and (3) violation of his Fourteenth Amendment due process rights because the evidence was insufficient to convict Petitioner of manufacturing methamphetamine and possessing sexually exploitive materials of children. (Doc. # 2.)

On June 25, 2008, Respondents, Warden Robert Kurtz and the Attorney General of the State of Colorado, filed a Pre-Answer Response in which they represent that Petitioner appeared to have exhausted his claims and his Habeas Application is timely. (Doc. # 6 at 8.) On August 7, 2008, Respondents filed an Answer to Petitioner's Habeas Application. (Doc. # 12.) Respondents contend that, because Petitioner had a full and fair opportunity to litigate his Fourth Amendment claim in state court, he is precluded from bringing the claim in this action. (*Id.* at 9.) Additionally, Respondents argue that Petitioner has failed to establish that the trial court's application of the sentence enhancing statute is contrary to, or an unreasonable application of, clearly established Supreme Court precedent. (*Id.* at 10-12.) Finally, Respondents claim that the jury rationally found proof beyond a reasonable doubt that Petitioner was guilty of complicity in the manufacture of methamphetamine and the possession of sexually exploitive materials of children. (*Id.* at 12-16.)

On August 27, 2008, Petitioner filed a Traverse in response to the Answer submitted by Respondents. (Doc. # 13.) On October 26, 2009, the Magistrate filed a Recommendation for Dismissal of the Application. (Doc. # 24.) On November 13, 2009, Petitioner filed Objections to the Magistrate's Recommendation. (Doc. # 25.)

## II. STANDARD OF REVIEW

### A. *PRO SE* PETITIONER

The Petitioner is proceeding *pro se*; thus, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court cannot act as an advocate for a *pro se* Petitioner, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### B. STANDARD OF REVIEW FOR HABEAS CORPUS PETITIONS

For the purposes of habeas review, federal courts are limited to determining if a conviction violated the Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Federal courts do "not review the judgment, but the lawfulness of the [Petitioner's] custody *simpliciter*." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to all federal habeas applications filed after AEDPA's effective date of April 24, 1996, regardless of when the state proceedings occurred. *See Trice v. Ward*, 196 F.3d 1151, 1158 (10th Cir. 1999) (citing *Moore v. Gibson*, 195 F.3d 1152, 1163 (10th Cir. 1999)). Under AEDPA, a Petitioner is entitled to federal habeas relief only if he can establish that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the

evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2) (1996). As the Supreme Court stated:

> A state-court decision is contrary to . . . clearly established precedents if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme] Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

*Brown v. Payton*, 544 U.S. 133, 141 (2005) (internal citations omitted); *see also Taylor v. Workman*, 554 F.3d 879, 887 (10th Cir. 2009). The first inquiry is whether clearly established federal law exists on the issue; after this is established, the Court must determine whether the state court's application of such law is objectively unreasonable. *House v. Hatch*, 527 F.3d 1010, 1018 (10th Cir. 2008).

"[A]n unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002) (citation omitted). An unreasonable application of federal law requires a showing "somewhere between 'merely erroneous and unreasonable to all reasonable jurists.'" *Maynard v. Boone*, 468 F.3d 665, 670 (10th Cir. 2006) (quoting *Henry v. Poole*, 409 F.3d 48, 68 (2d Cir. 2005)). "Thus only the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Id.* at 671.

Factual findings made by the state trial and appellate courts are presumed correct, with the petitioner bearing the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Darks v. Mullin*, 327 F.3d 1001,

7

1007 (10th Cir. 2003). The burden remains with the petitioner because "whether a state court's decision was unreasonable must be assessed in the light of the record the court had before it." *Holland v. Jackson*, 542 U.S. 649, 652 (2004).

According to the Tenth Circuit, this Court "owe[s] deference to the state court's *result*, even if its reasoning is not expressly stated." *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999) (emphasis in original). Therefore, the state court's decision must be upheld, "unless [an] independent review of the record and pertinent federal law persuades [the Court] that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id.* at 1178. "This 'independent review' should be distinguished from a full *de novo* review of the petitioner's claims." *Id.*

Finally, if the state court does not address a claim on the merits, this Court must review the claim *de novo* and the deferential standards in 28 U.S.C. § 2254(d) are not applicable. *See Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004).

### III. ANALYSIS

**A.   CLAIM ONE:  WARRANTLESS SEARCH**

In his first request for habeas relief, Petitioner argues that his Fourth Amendment rights were violated when the trial court admitted evidence seized from the Petitioner's bedroom during an allegedly "warrantless search." The Magistrate Judge recommended a denial of Petitioner's Habeas Application on this claim. Petitioner objects to the recommended denial and contends that the Magistrate Judge erred in

8

his determinations that: (1) the trial court's finding concerning the police officers' reasonable belief about the searched house's number of residents was true and correct (Doc. # 25 at 2); (2) Petitioner did not acquire a reasonable expectation of privacy to require a separate search warrant (*id.* at 2-3); and (3) the Court of Appeals' decision did not involve an unreasonable application of clearly established federal law (*id.* at 3-4). For the reasons discussed below, the Court agrees with the Magistrate Judge that Petitioner's Fourth Amendment claim fails.

The Fourth Amendment assures people the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. "The overriding function of the Fourth Amendment is to protect personal privacy and dignity against unwarranted intrusion by the State." *Schmerber v. State of California*, 384 U.S. 757, 767 (1966).

Rules surrounding the exclusion of evidence are "judicially created means of effectuating the rights secured by the Fourth Amendment." *Stone v. Powell*, 428 U.S. 465, 482 (1976). "The purpose of the exclusionary rule is not to redress the injury to the privacy of the search victim . . . Instead, the rule's prime purpose is to deter future unlawful police conduct and thereby effectuate the guarantee of the Fourth Amendment against unreasonable searches and seizures[.]" *United States v. Calandra*, 414 U.S. 338, 347 (1974). Due to the nature of a Fourth Amendment violation, federal habeas review is limited. *See Stone*, 428 U.S. at 494. In *Stone*, the Supreme Court held that, "where the State has provided an opportunity for full and fair litigation of a Fourth

Amendment Claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.*

Although the Supreme Court did not elaborate on the meaning of "full and fair litigation", the Tenth Circuit has determined that it:

> includes, but is not limited to, the procedural opportunity to raise or otherwise present a Fourth Amendment claim. It also includes the full and fair evidentiary hearing contemplated by *Townsend* [*v. Sain*, 372 U.S. 293 (1963)]. Furthermore, it contemplates recognition and at least a colorable application of the correct Fourth Amendment constitutional standards.

*Gamble v. State of Oklahoma*, 583 F.2d 1161, 1165 (10th Cir. 1978). "Thus, a federal court is not precluded from considering Fourth Amendment claims in habeas corpus proceedings where the state court wilfully refuses to apply the correct and controlling constitutional standards." *Id.*; *see also Sanders v. Oliver*, 611 F.2d 804, 808 (10th Cir. 1979).

Following an evidentiary hearing, the trial court denied Petitioner's motion to suppress evidence found during the search of his room. (Doc. # 2, Ex. A at 38.) The appellate court also concluded that the search of Petitioner's room was valid. (Doc. # 2, Ex. E at 88.) Therefore, the Court finds that the state court proceedings provided Petitioner with an opportunity for full and fair litigation of his Fourth Amendment claim. *See Gamble*, 583 F.2d at 1165.[7] Finally, in affirming the trial court, the state appellate

---

[7] Petitioner cites to three cases in his objections, none of which are applicable to the case at hand. Petitioner first relies on *Rakas v. Illinois,* 439 U.S. 128 (1978). In *Rakas*, the Supreme Court determined that the petitioners, who were mere passengers in a searched vehicle, lacked standing to bring a Fourth Amendment claim because they failed to assert

court relied upon both federal and state law, which was consistent with Fourth Amendment Supreme Court precedent. (Doc. # 2, Ex. E at 74-88.) The state appellate court concluded that the warrant was sufficient to include the search of Petitioner's room because officers had no reason to know of the multiple occupancy nature of the residence before entering and Petitioner's father had the ability to access the entire residence. (Doc. # 2, Ex. E at 83-88.) Petitioner failed to present any facts from which it can be inferred that the state courts willfully refused to apply the correct and controlling constitutional standard. Therefore, Petitioner's first claim based on the Fourth Amendment must be dismissed.

---

a property or possessory interest in the searched automobile. *Id.* at 132, 148. Accordingly, *Rakas* is inapplicable because it concerned privacy expectation in a car, rather than a dwelling, which does not receive identical treatment under the Fourth Amendment.
    Petitioner next relies on *United States v. Cannon*, 264 F.3d 875 (9th Cir. 2001), *cert. denied*, 534 U.S. 1143 (2002). First, because *Cannon* is a Ninth Circuit case, it is not a controlling constitutional standard that this Court is mandated to follow. *See Gamble*, 583 F.2d at 1165. Second, the facts of *Cannon* are distinguishable - there, the apartment was in a building behind the main-house, with separate entrances and attached only by a deck; the apartment also had a separate bathroom and kitchen. *Cannon*, 264 F.3d at 878.
    The third case Petitioner relies on is incorrectly cited as *Jones v. United States*, 357 U.S. 483. (Doc. # 25 at 3.) 357 U.S. 480 is the citation to *Giordenello v. United States*. Neither case is applicable to the issues raised by Petitioner. *See Jones v. United States,* 362 U.S. 257, 264-67 (1960) (the Court held petitioner had standing to assert a Fourth Amendment claim as a guest in a searched apartment, however, the standing issue was overruled), *overruled by United States v. Salvucci,* 448 U.S. 83, 85 (1980); *see also Giordenello*, 357 U.S. at 487 (the Court addressed the issuance of a search warrant without probable cause).

**B.    CLAIM TWO: VAGUE AND OVERBROAD SPECIAL OFFENDER STATUTE**

Petitioner next claims that the Colorado criminal statute[8] under which he was charged and convicted is unconstitutionally vague and overbroad as applied to him, in violation of his First[9] and Fourteenth Amendment rights. (Doc. # 2 at 11.) The Magistrate Judge recommended denial of habeas relief based on this claim. (Doc. # 24 at 17.) Petitioner objects to the Magistrate's recommendation, arguing that the Magistrate Judge: (1) erroneously affirmed the state courts' conclusion that sufficient evidence was presented at trial concerning the gun's operability; and (2) erroneously concluded that the challenged statute did not criminalize otherwise innocent and constitutionally protected conduct.[10] (Doc. # 25 at 4-5.) For the reasons discussed below, the Court adopts the Magistrate Judge's recommendation to dismiss Claim Two.

A statute is unconstitutionally vague if: (1) it does not give a reasonable opportunity to people of ordinary intelligence to understand what conduct it prohibits; or (2) it allows or encourages arbitrary and discriminatory enforcement. *United States v. Franklin-El*, 554 F.3d 903, 910 (10th Cir. 2009); *see also Hill v. Colorado*, 530 U.S. 703, 732 (2000). "[T]he more important aspect of the vagueness doctrine 'is not actual

---

[8]   COLO. REV. STAT. § 18-18-407 (2006).

[9]   While Petitioner does not make clear how his First Amendment rights were violated, the Court liberally construes this claim to be based on the First Amendment's right to "petition the Government for a redress of grievances". *See* U.S. CONST. amend. I. Regardless, because there is nothing in the Habeas Application to inform the Court on how Petitioner's First Amendment rights were violated, the Court finds that he does not sufficiently state a First Amendment claim.

[10]   Petitioner also appears to re-assert that the statute is unconstitutionally vague.

notice [to citizens], but the requirement that a legislature establish minimal guidelines to govern law enforcement.'" *Kolender v. Lawson*, 461 U.S. 352, 358 (1983) (quoting *Smith v. Goguen*, 415 U.S. 566, 574 (1974)).

The statute at issue in the instant case provides for sentence enhancement for certain felony convictions, including possession of methamphetamine. As it existed at the time of Petitioner's arrest and conviction, the statute applies when "[t]he defendant used, displayed, possessed, or had available for use a deadly weapon as defined in section 18-1-901(3)(e) . . . ." COLO. REV. STAT. § 18-18-407(1)(f). The definition of "deadly weapon" is "any of the following which in the manner it is used or intended to be used is capable of producing death or serious bodily injury: (I) a firearm, whether loaded or unloaded . . . ." COLO. REV. STAT. § 18-1-901(3)(e)(I). "Firearm" is defined as "any handgun, automatic revolver, pistol, rifle, shotgun, or other instrument or device capable or intended to be capable of discharging bullets, cartridges, or other explosive charges." COLO. REV. STAT. § 18-1-901(3)(h).

In *People v. Atencio*,[11] the Colorado Court of Appeals held that section 18-18-407(1)(f) was not unconstitutionally vague. In *Atencio*, the defendant was convicted of possession with the intent to sell cocaine and marijuana, and found to be a "special offender" under section 18-18-407(1)(f) of the Colorado Revised Statutes. *Atencio*, 878 P.2d at 148. Upon execution of a "no-knock" warrant, police found cocaine, marijuana, drug paraphernalia, a loaded handgun in the bedroom, two unloaded rifles in a closet,

---

[11] 878 P.2d 147 (Colo. App. 1994).

and Atencio was at home.  *Id.*  Because the General Assembly did not define "use,"  "display," "possess," and "available" the court applied common and ordinary meanings.  *Id.*  Accordingly, the court determined that the foregoing words required the prosecution to prove a nexus between the drug offense and the deadly weapon.  *Id.* at 150.  The court concluded that the statute provided sufficient notice of the prohibited conduct and, therefore, was not unconstitutionally vague.  *Id.* at 151.

Petitioner first objects to the Magistrate Judge's conclusion that the state court proceedings were correct in finding that the evidence was sufficient to establish that the gun was operable.  (Doc. # 25 at 4-5.)  As stated earlier, factual findings by the trial and appellate court are presumed correct and may only be refuted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Darks v. Mullin*, 327 F.3d 1001, 1007 (10th Cir. 2003).  Petitioner claims that the gun had never been tested, therefore it could not be concluded that it was "available for use" (Doc. # 25 at 4-5), however, the factual record is devoid of any factual finding that the gun was not operable.  Testimony at the trial suggested that the gun appeared capable of firing a bullet, and the precautions used by Petitioner[12] suggested operability.  (Doc. # 2, Ex. E at 92.)  Petitioner has not rebutted by clear and convincing evidence the factual finding that the gun was operable.

Petitioner also objects to the Magistrate Judge's finding that the statute has not made criminal otherwise innocent conduct.  (Doc. # 25 at 5.)  Specifically, Petitioner

---

[12]   There was a padlock on the trigger of the gun, the key to which was on Petitioner's keychain.  (Doc. # 2, Ex. E at 92.)  An officer testified, however, that the lock may not have prevented the gun from firing a bullet.  (Doc. # 2, Ex. B at 48.)

14

contends that "[p]ossession of an inoperable firearm is not illegal." (*Id.*) However, the appellate court concluded, "the foregoing evidence was sufficient to establish that the gun was operable." (Doc. # 2, Ex. E at 92.) Because Petitioner did not provide clear and convincing evidence to refute that finding that the gun was operable, the factual findings are presumed correct. *See* 28 U.S.C. § 2254(e)(1); *see also Darks v. Mullin*, 327 F.3d 1001, 1007 (10th Cir. 2003). Therefore, Petitioner's objections are overruled, the Court adopts the Magistrate Judge's recommendation, and Claim Two is dismissed.[13]

## C. CLAIM THREE: INSUFFICIENT EVIDENCE FOR CONVICTIONS

Finally, Petitioner asserts that he was convicted on insufficient evidence to establish guilt beyond a reasonable doubt. (Doc. # 2 at 11.) Specifically, Petitioner

---

[13] Although the Court is not re-evaluating the operability of the Petitioner's gun, the Court questions the application of the statute to Petitioner. Notably, the challenged words, "available for use", were replaced by "on his or her person or within his or her immediate reach . . . at the time of the commission of a violation . . . ." *See* 2010 Colo. Legis. Serv. Ch. 259 (H.B. 10-1352) (WEST).
　　This change appears to indicate that the language was intended to criminalize situations where there is a locational nexus between the defendant and the weapon, *i.e.*, that the weapon is available for *immediate* use by the *defendant*. *See, e.g.*, *United States v. Vaziri*, 164 F.3d 556, 562, 568 (10th Cir. 1999) (the defendant's sentence was enhanced due to the presence of two semi-automatic rifles, with ammunition for one, where one gun was on the table during a drug transaction); *see also United States v. Boykin*, 986 F.2d 270, 274 (8th Cir. 1993) (upon searching the defendant's house, police found two loaded guns, one unloaded gun, and ammunition for all three guns).
　　The facts in the instant case are clearly distinguishable. Petitioner was not home, there was one *locked* and *unloaded* gun, and no bullets were found at the residence. However, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see also Bueno v. Hallahan*, 988 F.2d 86, 88 (9th Cir. 1993) (deferring to the state court's decision to apply a state sentence-enhancing statute to the defendant's conviction); *see also Osika v. Patrick*, No. 07-1533, 2009 WL 485478, at *5 (C.D. Cal. Feb. 20, 2009) (unpublished) (exercising similar deference to state courts).

alleges there was insufficient evidence to establish that he was engaged in the manufacture of methamphetamine and in the possession of sexually exploitive images of children. (*Id.*) The Magistrate Judge recommended denial of this third claim in Petitioner's Habeas Application. (Doc. # 24 at 23.) Petitioner objects to the Magistrate Judge's finding that Petitioner did not establish by clear and convincing evidence that the factual findings in the state court (1) were insufficient to convict Petitioner of the manufacture of methamphetamine; and (2) were insufficient to convict Petitioner of the possession of sexually exploitive materials of children. For the reasons discussed below, the Court adopts and affirms the Magistrate Judge's Recommendation, and dismisses Petitioner's third claim.

As stated earlier, factual findings of state courts are presumed correct, with the petitioner bearing the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1) (1996); *Darks v. Mullin*, 327 F.3d 1001, 1007 (10th Cir. 2003). Petitioner has not met this burden if, when "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). "This [ ] standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.*

### 1. Manufacturing Methamphetamine

Petitioner was convicted of manufacturing methamphetamine under a statute which states, in relevant part, "it is unlawful for any person knowingly to manufacture . . . a controlled substance." COLO. REV. STAT. § 18-18-405(1)(a) (2006). The jury was properly instructed on complicitor liability. COLO. REV. STAT. § 18-1-603 (2006) (holding the defendant liable for the principal offense if he aids, abets, encourages, or advises with the intent to promote the commission of a crime). Petitioner alleges there was insufficient evidence to support this conviction.

Petitioner relies on *People v. Noland*, 739 P.2d 906 (Colo. App. 1987), contending that he may not be convicted on a mere modicum of evidence. (Doc. # 25 at 6-7.) Petitioner also argues his conviction is unconstitutional because it lacks evidentiary support. *Id.* at 7 (citing *Thompson v. City of Louisville*, 362 U.S. 199, 206 (1960) (stating that it would be "a violation of due process to convict and punish a man without evidence of his guilt")). The Court is not persuaded by Petitioner's objections.

The record is clearly not devoid of relevant evidence. Evidence presented to the jury included: materials used in the manufacture of methamphetamine,[14] credit card purchases of large quantities of decongestants, a small amount of methamphetamine, and tin foil with traces of methamphetamine. (Doc. # 2, Ex. E at 95-96.) While Petitioner contends that the items found in the garage have legitimate uses, those

---

[14] The following items found in the garage can be used in the manufacture of methamphetamine: blister packets of pseudoephedrine, lithium batteries, filters, funnels, sodium chloride, a gas mask, and a digital scale. (Doc. # 2, Ex. E at 95.)

17

items, coupled with the other evidence provide more than a mere modicum of evidence. Therefore, Petitioner has not met his burden of presenting clear and convincing evidence that no rational trier of fact could reasonably find him guilty of the manufacture of methamphetamine.

    2.    <u>Possession of Sexually Exploitive Materials of Children</u>

Petitioner also challenges his conviction for the sexual exploitation of children pursuant to section 18-6-403(3)(b.5) of the Colorado Revised Statutes. The statute states, in relevant part, "[a] person commits sexual exploitation of a child if for any purposes, he or she knowingly . . . [p]ossesses or controls any sexually exploitive material for any purpose . . . ." COLO. REV. STAT. § 18-6-403(3)(b.5) (2006).

Petitioner argues there was no direct evidence for this conviction. (Doc. # 25 at 8.) However, Petitioner fails to recognize the fact that he can be convicted on circumstantial evidence. *See United States v. Thurston*, 771 F.2d 449, 452 (10th Cir. 1985) ("Circumstantial evidence is entitled to the same weight as that given to direct evidence in determining the sufficiency of the evidence to support a verdict of conviction beyond a reasonable doubt.") (citing *Holland v. United States*, 348 U.S. 121, 140 (1954)). While Petitioner contends he was convicted based on a lack of evidence or at a maximum, a mere modicum of evidence, the Court is not persuaded.

The jury was presented with evidence that Petitioner used his father's computer and accessed a password protected AOL account. (Doc. # 2, Ex. E at 97.) Petitioner admitted to using the AOL account for personal correspondence and downloading non-

pornographic photographs of former students onto his father's computer. (*Id.*) That account was connected to a list-serve which distributed sexually explicit material of children. (*Id.*) In light of the evidence presented to the jury, Petitioner's objections do not provide clear and convincing evidence to demonstrate that no rational trier of fact could have convicted him of possessing sexually exploitive materials of children.

## IV. CONCLUSION

Accordingly, it is ORDERED that:

1. The October 26, 2009 Recommendation of United States Magistrate Judge Michael E. Hegarty (Doc. #24) is AFFIRMED and ADOPTED;

2. Petitioner's Fourth Amendment warrantless search claim for habeas relief (Claim One) is DENIED;

3. Petitioner's vague and overbroad statute claim for habeas relief (Claim Two) is DENIED;

4. Petitioner's Fourteenth Amendment insufficiency of evidence claim for habeas relief (Claim Three) is DENIED;

5. This action is DISMISSED WITH PREJUDICE; and

6. IT IS FURTHER ORDERED that, because Petitioner has not made a substantial showing of the denial of a constitutional right with respect to the denied claims, there is no basis on which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

DATED: August   13  , 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge